149 So. 362

### PETERS v. FEDERAL LAND BANK OF NEW ORLEANS.

#### No. 31674.

May 29, 1933.

Rehearing Denied July 7, 1933.

E. S. Prudhomme, of Natchitoches, for appellant.

Harold Moses and Kenneth C. Barranger, both of New Orleans, for appellee.

ST. PAUL, Justice.

Some time in the summer of 1931, the exact date not appearing in the transcript, the defendant took out executory proceedings against the property of plaintiff upon a past due and unpaid mortgage note.

Before the sale plaintiff sued for an injunction to stop the proceedings, on the ground that defendant had granted him an extension of time until the 1st of January, 1932. The trial judge granted a temporary restraining order and a rule to show cause why the injunction should not issue. On the trial of the rule the judge refused the injunction and dissolved the restraining order, but granted plaintiff a suspensive appeal which is now before us.

The only evidence adduced by plaintiff is that of himself and a tenant farmer of the land, that once upon a time some unknown and unidentified person, claiming or assumed to be the agent of defendant, came into the plaintiff's field and there, in the presence of the tenant farmer, granted plaintiff the alleged extension.

Pretermitting the fact that plaintiff and his tenant farmer disagree both as to time and circumstance about the granting of the alleged extension, that plaintiff then had a letter from the defendant declining even to discuss an extension and stating that the claim had been placed for collection in the hands of their attorney whom he (plaintiff) would have to consult in the matter, and that this attorney agreed that plaintiff would be granted an extension of two weeks and no more, which

extension of two weeks had expired when foreclosure proceedings were commenced, the fact remains that there is no evidence to show that there was any authority given to any one by defendant to grant plaintiff any extension whatever save and except the qualified authority given to the attorney and exercised by him as aforesaid, and the officers and agents of the defendant testify positively that no other extension was ever given.

The trial judge did not believe the alleged extension had been granted, and we think his judgment is correct.

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.